## CLARKE v. WESTCOTT.

(Supreme Court, Appellate Division, First Department.    March 20, 1896.)

1. EVIDENCE—OBJECTIONS WAIVED—IMPEACHING TESTIMONY—FOUNDATION.
   The admission of statements made by a witness out of court, inconsistent with his testimony on the stand, without any foundation being first laid by asking witness if he had made such statements, though technical error, is not cause for reversal, where the ground of objection was not properly brought to the attention of the court; since, had it been, the omission could have been supplied.

2. SAME.
   The admission of evidence as to the amount actually paid by plaintiff to her physicians in trying to be cured of her injuries, unaccompanied by any proof of the value of the services, is not cause for reversal, where no question was raised as to the sufficiency of such evidence or the weight which should be given to it by the jury.

3. DAMAGES—PERSONAL INJURIES.
   A charge that plaintiff is entitled to damages for future pain and suffering which flow clearly and logically from the injury, is proper where there is any evidence from which the jury may fairly infer that plaintiff will endure pain and suffering to some extent after the trial.

Appeal from superior court of New York City, jury term.

Action by Ysidora C. Clarke against Robert E. Westcott, as president of Westcott Express Company, to recover for personal injuries. From a judgment for plaintiff, entered on a verdict of the jury, and from an order denying a motion for new trial, defendant appeals. Affirmed.

The action was brought for damages for personal injuries to plaintiff alleged to have been caused by the negligence of the defendant. No question is made by the appellant but that there was evidence to support a verdict for the plaintiff, so far as negligence on the part of the defendant, and the absence of contributory negligence on the part of the plaintiff, were concerned. The questions raised on this appeal relate to alleged errors in the reception of evidence and in the charge of the court, and to the verdict of the jury in that the damages were excessive.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Austen G. Fox, for appellant.
Otto Horwitz, for respondent.

WILLIAMS, J.    The first error in the reception of evidence complained of was in permitting the plaintiff to testify that the defend-

ant's witnesses Brown and Frasier said, while helping her in from the street where the accident occurred, in substance, that they thought the plaintiff would be killed, and that defendant's driver ought to be arrested. The plaintiff had sworn that she was struck by the defendant's horse and wagon while crossing the street, and was thereby thrown down and injured. These two men, Brown and Frasier, had testified that plaintiff was not struck by horse and wagon at all, but that she tripped or slipped down. Frasier also testified that he heard some one inquire of plaintiff, "Who do you blame?" and plaintiff answered, "Nobody but myself." These talks were all claimed to have taken place after the accident occurred, and while plaintiff was being helped in from the street, or after she was in the house. Neither Brown nor Frasier had been asked by plaintiff, when on the stand as witness, whether they had made the statements testified to by plaintiff. The objections to this evidence given by the plaintiff were substantially that it was not rebuttal, and was irrelevant, and an attempt to bring in irrelevant matter brought out on cross-examination, and to contradict the witness as to collateral matter so brought out on cross-examination, and not rebuttal. The court sustained the objections made, but still held that the plaintiff might state what the men had said, and she did state it under defendant's exception. There was, very likely, technical error in permitting this evidence to be given. It was evidently received by the court as tending to impeach the witnesses Brown and Frasier, and would have been competent for that purpose as showing that their statements made out of court were inconsistent with evidence given by them on the trial, provided a proper foundation had been laid for giving such evidence by the plaintiff. The real objection was that the witnesses had not themselves been asked if they made such statements. If they had been so asked, and had denied it, it would have been competent for the plaintiff to have testified that they did make such statements. This ground of objection was not properly brought to the attention of the court. If it had been, the omission would very likely have been supplied, and the plaintiff's evidence would have thus been properly given. The result would, undoubtedly, have been the same, and we think, under the circumstances, the technical error in the reception of the evidence in the form it was received could not have worked any injury to the defendant, and does not call for a reversal of the judgment. It may also be said that, Frasier having testified to some things that were said at the time these statements were made, it was competent for the plaintiff to give the balance of that conversation.

The next error in the reception of evidence complained of was in receiving evidence as to the money expended by the plaintiff for medical attendance in her efforts to be cured of her injuries. Plaintiff testified that she was attended by Drs. Mudd, Fry, Spencer, Prewitt, McBurney, and Pomeroy, and received their bills, which were not all paid; she received Dr. Fry's bill for $25, and paid it; that she received Dr. McBurney's bill for $129 or $123, and paid it. Dr. McBurney's bill for $120 was produced, and received in evidence. She further testified that she received two bills from Dr. Mudd, one for

$57, and the other for $75, and paid them. She further testified that she received another bill from Dr. Mudd, for $323, upon which she had paid $100, and the balance, $223, remained unpaid. Dr. Fry's and this last bill of Dr. Mudd's were not received in evidence. All this evidence as to what the bills were, and what the plaintiff paid upon them, was objected to, on the ground that there was no evidence as to the value of the services of the doctors. None of these doctors were sworn, and there was no evidence by experts as to the value of the doctors' services. There was more or less evidence given in the case as to the nature of the plaintiff's injuries, as to her condition from the time of the accident down to and at the time of the trial, and as to what services the doctors rendered. The court, in charging the jury, said: "The plaintiff, if entitled to recover, will be entitled to recover . * * * the amount of the medical and surgical bills which have been testified to. * * * The plaintiff is entitled to those damages which ordinarily result in cases of this kind, * * * doctors' bills," etc. There was no motion at the end of the case to strike out the evidence as to the doctors' bills, and their payment, on the ground that evidence as to the value of the services was not given; nor was there any exception to the charge as made with reference to the doctors' bills, nor any request to charge that a recovery could not be had for the whole of the doctors' bills or the whole amount paid thereon, nor any request to limit the recovery to any of the items of such bills or payments. The only question, therefore, is whether the evidence offered was competent in the case. The sufficiency of evidence to support a recovery for any or all of the bills is not involved in this case. Nor can we say whether the jury allowed any or what amount of damages for such medical attendance. While it is true that the amount to be allowed for medical attendance can only be such sum as it was reasonably worth, still one item of evidence to establish this item of damage, proper to be given, was the amount actually paid; and therefore the evidence cannot be said to have been incompetent at the time it was given. It might be claimed that the evidence was not sufficient, unless proof was thereafter given of the value of the services, but no such question was properly raised. Some evidence was given as to the injuries and condition of the plaintiff, and the services rendered by the doctors. No question was raised, after the evidence was given, as to its sufficiency, or what weight should be given to it by the jury; nor does it appear what weight was given to it by the jury. Under these circumstances, we do not see that there was any error with reference to the admission of this evidence calling for a reversal of the judgment.

It is claimed there was error in the charge of the court as to the amount of damages for future pain and suffering. Plaintiff's counsel requested the court to charge: "The plaintiff is entitled to recover, not only for the pain and suffering endured up to the time of the trial, but also such injuries as she will hereafter endure as the immediate consequence of the accident,"—to which the court replied: "I will charge you that that is a proper rule of law provided the evidence clearly and conclusively warrants its application. I do not say whether it does or not. She is certainly entitled to all the damages

she has suffered up to this date, and anything that will follow as a logical consequence from that." The defendant's counsel excepted to this charge, saying he did not think there was any evidence to warrant it. The court thereupon said, further: "I charge the jury, as to future pain and suffering, you can only allow that which would logically and clearly flow from the injury, as shown by the evidence in the case. Of course, you cannot speculate; your verdict must be founded upon the evidence." We do not see that there was any error in this charge. It could only be said to be error if there was an entire absence of evidence upon which the jury could find there would be future pain and suffering. But there was evidence as to the plaintiff's condition before and at the time of the trial, from which the jury might properly and fairly infer that the plaintiff would endure pain and suffering to some extent after the trial. The court very carefully instructed them as to the damages they might award for any such pain and suffering. It is also said that the damages awarded by the jury were excessive. We are not prepared to say this. The plaintiff appears to have sustained serious injuries. The accident occurred in July, 1890, and the trial took place in October, 1895. The evidence showed her condition during these five years, her pain and suffering, and the expenses incurred by her. The jury fixed the amount of damages at $6,500. We do not think, under the evidence, the amount was excessive, so as to indicate that the jury were actuated by favor, prejudice, or passion. We are not inclined to find the damages excessive, so as to call for a reversal of the judgment or a reduction of the amount of the verdict.

We have thus considered such questions as are raised by defendant's counsel in his brief, and we conclude that the judgment appealed from should be affirmed, with costs. All concur.