WICKERT, Appellant, vs. WISCONSIN CENTRAL RAILWAY
COMPANY, Respondent.

*March 15—April 5, 1910.*

*Negligence: When actionable: Likelihood of injury: Imputed knowledge: Carriers: Knowledge as to who are passengers: Injury to person alighting from train.*

1. Actionable negligence is not shown unless it appears that the person sought to be charged therewith had knowledge, actual or imputed, that his act or omission complained of was likely to cause injury or damage.
2. Such knowledge is imputed, among other instances, where a person of ordinary care and prudence under the same or similar circumstances ought to have known the likelihood of injury.
3. When a railroad train is stopped at a station for the reception of passengers, the trainmen, in the absence of evidence to the contrary, are justified in presuming that those who board the train are passengers intending to remain thereon and depart from such station.
4. Leavetaking and farewells among the members of a group upon a depot platform, not actually heard or noticed by the trainmen, are not sufficient to charge the latter with knowledge as to which members of the group are passengers and which members are friends who are merely taking leave of the passengers.
5. There was no negligence in giving a signal to start a passenger train, or in starting pursuant to such signal, while a person not a passenger was descending the steps of a car, where the trainmen had no notice or knowledge, actual or imputed, that such person was alighting or intended to alight, but rather had a right to presume that he had boarded the train as a passenger, intending to remain thereon.

APPEAL from a judgment of the circuit court for Marquette county: A. H. REID, Judge. *Affirmed.*

The appeal is from a judgment entered upon a verdict directed for defendant in an action to recover damages for personal injury caused by defendant's negligence.

D. W. *McNamara,* for the appellant, cited, among other cases, *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626, 11 N.

W. 55; *Davis v. C. & N. W. R. Co.* 58 Wis. 646, 17 N. W. 406; *Cahill v. Layton,* 57 Wis. 600, 16 N. W. 1; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54 N. W. 24; *Langhoff v. M. & P. du C. R. Co.* 19 Wis. 489; *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573.

For the respondent there was a brief by *Walter D. Corrigan* and *Clifton Williams,* and oral argument by *Mr. Williams.* Besides other authorities, they cited *Griswold v. C. & N. W. R. Co.* 64 Wis. 652, 26 N. W. 101; *Ives v. Wis. Cent. R. Co.* 128 Wis. 357, 107 N. W. 452; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 103 N. W. 271.

TIMLIN, J. The question presented by this appeal is whether the circuit court properly directed a verdict for defendant. In order to make out a case of actionable negligence it must appear that the person sought to be charged therewith had knowledge that his act or omission complained of was likely to cause injury to some person or thing. This knowledge may be either actual or imputed. Knowledge of this dangerous quality of the act or omission in question is or may be imputed in a great number of instances, among them when there is a duty to know, and also when a person of ordinary care and prudence under the same or similar circumstances in the exercise of ordinary care ought to have known of this likelihood. *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157. Like other subjects of legal investigation, these may be questions of fact, questions of law, or mixed questions of fact and law in a given case. The uncontradicted evidence in the instant case establishes the following: The sister and the niece of plaintiff, with the three children of this niece, were passengers waiting on the depot platform for the arrival of the train which they were about to board. The plaintiff and her grown-up daughter accompanied these passengers for the purpose of seeing them off. The passenger train in question, having one passenger coach

next behind the smoking car, stopped at the station, the passengers, of whom there was quite a large number alighting at this station, were descending the steps at the front end of this passenger coach, and the conductor was assisting these passengers to descend, standing with his face toward the descending passengers and toward the passenger coach. The group of seven, including the said passengers about to embark and the plaintiff and her daughter, while the conductor was so engaged stood behind him, said their farewells, and exchanged parting kisses. The plaintiff's niece first, and then plaintiff's sister, ascended the steps of the smoking car to the platform of that car, from which point the niece called out to plaintiff, "Aunt, bring up the baby and the satchel." The niece then went into the passenger car and took a seat. Plaintiff's sister remained near the door of the passenger car. Plaintiff ascended the steps of the smoking car, crossed the platform of this car and the platform of the passenger car to where her sister was standing, gave the satchel to the latter, turned and began to descend the steps of the passenger car, and had reached the second step in her descent when the train began to move out moderately, whereupon she became dizzy and soon fell from the steps sustaining injuries. When the plaintiff was ascending the steps leading to the platform of the smoking car and after she had reached that platform the passengers from the other car were still descending the steps of that car, but after she delivered the satchel to her sister and started to descend there was no other person descending the steps and no conductor in sight. The conductor, after looking along his train and seeing no one attempting to board the train or to descend from either car, called out, "All aboard," and gave the signal to the engineer to pull out. The engineer rang his bell and started his engine and moved out. The conductor from the place at which he stood when he gave the signal to start, as fixed by his uncontroverted testimony, could not see the plaintiff because

she had not at that time reached the second step in her descent. The signal must have preceded the starting of the train, and the signal and the starting could not have been simultaneous. The plaintiff tarried somewhere on either car platform before attempting to descend. Neither the conductor nor the brakeman had any actual knowledge that the plaintiff was upon the car platform with the intention of alighting therefrom before the train started or that she was not a passenger, and neither observed the leavetaking, heard the farewells, or saw the kisses on the depot platform, or heard the call, "Aunt, bring up the baby and the satchel." The plaintiff, however, contends that the leavetaking, farewells, and kisses on the depot platform occurred so near to the conductor that he might, notwithstanding his denial, have heard them, or that in the exercise of ordinary care he ought to have observed them, and consequently to have known that the plaintiff was not a passenger, but intended to alight from the car platform before the train started, and that the conductor was therefore negligent in giving the signal to start without first ascertaining whether the plaintiff had descended.

If we assume for the purpose of this case and as most favorable to appellant that, notwithstanding the denial by the conductor and by the brakeman that they observed these farewells or knew that the plaintiff was not a passenger, there still was an issue of fact involving the question whether they had actually observed or whether they ought to have observed the conduct of the plaintiff and the other passengers, still we think that the real probative effect of such conduct was not as claimed by the appellant. If farewells and kisses were exchanged on the depot platform, the fair inference would be that there the parting took place, and that those who remained on the platform were the friends who had taken leave, and those who boarded the train thereafter were the departing passengers. The daughter of plaintiff remained on the depot platform. All other members of the group ascended the

steps of the smoking car.   The plaintiff ascended last and in response to a request to bring up the baby and the satchel, but there was nothing in the request to inform any one who overheard it that she was not a passenger.   It is a fair inference, although perhaps not a very strong one, that all those who board a train stopped at a station for the reception of passengers.   In the absence of evidence to the contrary the trainmen are justified in so presuming.   We find no evidence here of any indications to the contrary. There was therefore no evidence upon which the jury would have been justified in finding that the defendant through its agents and servants, the conductor or brakeman, knew or ought to have known that the plaintiff was, at the time the conductor gave the signal to start, upon the train otherwise than as a passenger outward bound.   There was therefore no negligence in starting the train.   The case in this respect is ruled by *Griswold v. C. & N. W. R. Co.* 64 Wis. 652, 26 N. W. 101.   So that, even conceding appellant's contention that plaintiff was rightfully on the train by customary invitation and that defendant owed her the duty of ordinary care, still there was no want of ordinary care within the general rule first herein stated.   It follows that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.