UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent, vs. VERBERGT and another, Appellants.

*December 4, 1928—January 8, 1929.*

544

For the appellants there was a brief by *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Eugene L. McIntyre.*

For the respondent the cause was submitted on the brief of *Bloodgood, Kemper & Bloodgood,* attorneys, and *Eric Wm. Passmore,* of counsel, all of Milwaukee.

ROSENBERRY, J. On behalf of the defendant it is argued, first, that the driver of the truck, Peter Verbergt, was as a matter of law free from negligence; second, that the trial court erred in refusing to submit to the jury as requested by the defendant a question as to whether or not Peter Verbergt failed to exercise ordinary care. In his decision on motions made after the verdict the learned trial court properly held that the parking statute did not apply. With reference to the failure to submit a question as to whether or not the defendant Peter Verbergt used ordinary care the court said:

"A request was made for submission of this question. I refused to submit it because I was of opinion, as I still am, that the question submitted covers ordinary care. If one ought not, as an ordinarily intelligent and prudent person, reasonably to foresee from the circumstances that injury to another might probably result from his act or omission, he exercised ordinary care; and conversely, if he ought so to foresee and nevertheless commits the act or omission, he fails to exercise ordinary care. If the term 'ordinary care' be construed as meaning due care, the question covers ordinary care. If it is not to be so construed it has no place in a verdict as an element of negligence; it is then not a fact involved in negligence."

The verdict as submitted did not require the jury to subject the conduct of the defendant Peter Verbergt at the time and place in question to any standard of care. It simply asked the jury to find whether or not the defendant Peter Verbergt at the time and place in question should have foreseen that some injury to another might result from his leaving the truck as he did. The instructions of the court upon this point were as follows:

"Mr. Verbergt, the driver of the truck, was bound to foresee what a man of ordinary intelligence and prudence would reasonably have foreseen from the circumstances. Consider all the circumstances, the condition of the atmosphere as to fog, the degree of slipperiness of the road, the width of the road, the traffic to which it was ordinarily subject, the condition of the shoulders, the ordinary place of travel on the road, the width of the concrete and the shoulders adjacent, the degree and length of the slope from the outer edge of the shoulder down to the ditch at the right side, the situation of the driveway ahead of the truck, the place on the road where the truck was standing, the size and width of the truck, the facts respecting the two collisions that had occurred just previous to the one here directly involved, and the time between them, the purpose for which the truck was left standing, the time reasonably to be anticipated it would take to fulfil this purpose, and any other facts or circumstances appearing from the evidence that have any bearing upon the question."

While it is true that one may not be liable for the consequences of his act resulting in injury to another where reasonable anticipation of injury was not present (*Wickert v. Wis. Cent. R. Co.* 142 Wis. 375, 125 N. W. 943 [1]), the converse is not true—that is, that one is liable where injury to another is reasonably to be anticipated. In order to create liability there must be co-existent reasonable anticipation of

[1] See, also, *Kressine v. Janesville Traction Co.* 175 Wis. 192, 184 N. W. 777; *Drella v. Connor L. & L. Co.* 155 Wis. 489, 144 N. W. 976.

injury and failure to exercise ordinary care. Cases arising under the so-called emergency doctrine are striking and vivid illustrations of this. Reasonable anticipation is often treated in connection with causation. 45 Corp. Jur. p. 913. In strict logic it has nothing to do with causation. An act does or does not produce a certain result. Whether or not the actor is liable for the consequences of the act depends on whether or not the actor, in the light of attending circumstances, as an ordinarily prudent person, ought reasonably to have anticipated or foreseen that injury to another would result. Foreseeability is an element of liability, not causation. While in strict logic this is true, yet as the supreme court of Indiana says, as used by the courts, proximate cause "is a cause from which a man of ordinary experience and sagacity could foresee" that injury might naturally result to another. *Enochs v. Pittsburgh, C., C. & St. L. R. Co.* 145 Ind. 635, 44 N. E. 658. The term "proximate cause" has been so used in our law. It is apparent that foreseeability must be present either separately or as a part of proximate cause in order that the actor may be found liable for the consequences of his act.

In order to determine whether or not a person in a given situation has acted with ordinary care, the conduct of that person at the time and place in question must be subjected to the test of some standard of ordinary care. This standard may be prescribed by decision, an instance of which is the "look and listen" rule; by statute, an instance of which is the law relating to parking automobiles; or in the absence of these standards, by the jury, which determines what an ordinarily prudent person would do under the same or similar circumstances and tests the conduct of the person by that standard.

It is considered that under the facts in this case it cannot be said as a matter of law that the defendant Peter Verbergt

did or did not exercise ordinary care at the time and place in question. No standard of conduct is prescribed either by statute or decision applicable to the situation which existed in this case. Therefore, the question of whether or not the driver, Peter Verbergt, failed to exercise ordinary care became one for the jury because the jury must measure the conduct of the defendant Peter Verbergt by the standard which it finds applicable to the facts in this case in order to reach such a conclusion. There is a great deal of confusion in the decisions due to the fact that there has been a failure to distinguish between negligence and liability; between negligence and a cause of action for negligence; and a failure to observe that where the standard of care is prescribed by statute or decision, a finding that a person failed to observe such a standard involves a finding of reasonable anticipation, because no person will be heard to say that he did not anticipate injury to another by a violation of the law where the law was designed to protect the interest invaded. While under our law as it stands there cannot be liability without reasonable anticipation, actual or imputed, there can be reasonable anticipation without liability. Because the verdict under the instructions given fails to subject the conduct of the defendant Peter Verbergt to any test to determine whether or not he was in the exercise of ordinary care, it is fatally defective.

It is apparent also that assuming the defendant Peter Verbergt failed to exercise ordinary care there still remains a serious question as to whether or not such failure was a cause of the injuries complained of. The defendant's truck was standing still at the time it was struck by the bus. Had it been moving at the rate of four or five miles an hour, the operator of the truck would have been well within the law. Up to this time it has not been held by a court, or prescribed by the legislature, or found by a jury that to travel at that rate of speed is a failure to exercise ordinary care, although

it is increasingly apparent that slow-moving vehicles create a hazard on a street where large numbers of automotive vehicles are driven at comparatively high rates of speed. If the jury should be of opinion that the accident would have happened substantially as it did even though the truck in question was moving at a lawful rate of speed instead of standing still, it might or might not be warranted in finding that the stopping of the truck at the time and place in question was a cause of the injuries sustained by the passengers in the bus. It is considered, therefore, that the whole matter should have been submitted to the jury in some one of the approved methods in order that all the elements necessary to create liability as against the defendants should have been found by the jury.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.

