HAMUS, Respondent, vs. WEBER and another, Appellants.

*June 4—June 24, 1929.*

For the appellants there was a brief by *Stephens, Slette-land & Sutherland* of Madison, and oral argument by *Robert J. Sutherland.*

For the respondent there was a brief by *Pors & Pors* of Marshfield, and oral argument by *Chas. M. Pors.*

FOWLER, J. The appellants claim the court should have granted a nonsuit or changed the answers to the questions of the verdict respecting defendant's negligence, but in our view the case was for the jury and the evidence supports their findings. Claim is also made that if the defendant was negligent the plaintiff was guilty of contributory negligence, but we are of the opinion that the jury's findings in this respect are also supported by the evidence.

Appellants also claim error in an instruction that if the rate of speed exceeded forty miles an hour it should be considered unlawful and negligent unless the evidence showed that the circumstances and conditions of the highway at the time and place made it safe to operate at such greater rate. This was erroneous as it put the burden on the defendant to show that he was not negligent. The statute, sec. 85.08

(2) (b) 7, does not say that an excess of forty miles is unlawful, or even presumptively unlawful. The forty-miles provision does nothing at all but create a presumption in favor of defendant if his speed be less than forty miles an hour. Without the provision the plaintiff would only have the burden of showing the speed negligent without having to overcome any presumption. However, this error should not effect reversal. The evidence of negligence is so strong that it does not seem probable that the error could have affected the jury's finding.

The defendants assign as error the method of submitting the issue of the defendant's negligence. They requested that "two separate questions on proximate cause" be submitted. The court submitted only two questions to cover the whole issue of negligence. These two questions and the general instructions given in connection are as follows:

"First question: In operating his automobile at the time when it was overturned on the highway, on December 3, 1927, was the defendant Weber negligent in respect to speed and control of the car?

"Every person is negligent, when, without intending to do any wrong, he does such an act or omits to take such a precaution that, under the circumstances present, he ought reasonably to foresee that some injury or damage might probably result from his conduct. He is in duty bound to foresee all such natural consequences of his conduct as an ordinarily prudent and intelligent person would ordinarily foresee under the then present circumstances. . . .

"Second question: If you answer the first question 'Yes,' then answer this: Was the defendant Weber's negligence a cause of the plaintiff's loss and injuries?

"Negligence is a cause of injury or damage when it alone produces it or co-operates with some other cause in producing it jointly as a natural result.

"There may be more than one cause of an injury or damage. The negligence of one person alone may produce it or the negligence of two or more persons may jointly produce it.

"It is suggested in this case that the overturning of the car may have been caused by a defective tire or by some other defective condition of the car. If it was so caused without the assistance and co-operation of any concurring negligence of the defendant Weber in the speed and manner of operating his car, then you cannot find that the defendant Weber's negligence was a cause of the plaintiff's injury and damage. The question is whether negligence of Weber in respect to his speed and control of the car was a cause—either the sole cause or one of the jointly concurring causes—of the overturning of the car and the consequent injury and damage."

The two questions and the instructions given in connection cover the issue of negligence fully as it was involved in this case. It is true the term "ordinary care" was not used, and that the idea of reasonable anticipation of injury, which is usually given as an element of proximate cause, is incorporated as an element of negligence as defined in the instruction. But if all the elements of actionable negligence are covered it is not material where they are placed. It is correctly said in the case of *U. S. F. & G. Co. v. Verbergt,* 197 Wis. 542, 222 N. W. 799, that reasonable anticipation has no logical connection with causation; and in *Bell L. Co. v. Bayfield T, R. Co.* 169 Wis. 357, 361, 172 N. W. 955, that strictly speaking it characterizes negligence rather than causation. To the same effect is *Milwaukee v. Industrial Comm.* 160 Wis. 238, 246, 151 N. W. 247. And as to ordinary care, while ordinary care is such care as persons of ordinary prudence ordinarily exercise under like circumstances, it is also correct, and just as exact, to say, in respect of situations such as are here involved at least, that one fails to use ordinary care when he does an act or omits a precaution when from the circumstances he ought reasonably to foresee as an ordinarily intelligent and prudent person that such act or omission may probably cause injury to another. This must be so else the ordinarily prudent person either lacks ordinary intelligence or he wilfully inflicts injury. As a matter of common sense and common knowledge the ordinarily prudent

person does not ordinarily do injury wilfully; nor is he ordinarily guilty of acts or omissions that reasonably appear likely to result in injury to others. One must take ordinary care towards others, of course, but one must also take care not to do any act or omit any precaution when from the circumstances it would reasonably appear to an ordinarily intelligent and prudent person that such act or omission might probably cause an injury to somebody. Hence ordinary care and the element of reasonable anticipation as defined in the definition of negligence here involved are the same. Otherwise we have two kinds of care in negligence—ordinary care and extraordinary care; and it is fundamental that one is never bound to exercise extraordinary care.

The idea of negligence as defined in the instruction involved is not new. Negligence exists when "harm to plaintiff's injured interests could have been reasonably anticipated as probable by a person of ordinary prudence situated as was the defendant." Green, Proximate Cause, p. 67.

"The foundation of liability, then, is knowledge—or what is deemed in law to be the same thing: opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subsequently results in injury. In a word, negligence or contributory negligence is lack of foresight or forethought." 20 Ruling Case Law, p. 9. "Negligence presupposes a duty of taking care, and this, in turn, presupposes knowledge or its equivalent." 20 Ruling Case Law, pp. 9, 10.

"Negligence is any conduct, except conduct recklessly disregardful of the interest of others, which falls below the standard established by law for the protection of others against reasonable risk of injury." Am. Law Inst., Restatement of the Law of Torts, sec. 166.

"Every one owes a duty to exercise due care whenever negligence is likely, to the apprehension of an ordinarily intelligent and prudent person, to injure another in his law-

ful rights." *Compty v. C. H. Starke D. & D. Co.* 129 Wis. 622, 625, 109 N. W. 650.

"Negligence . . . is careless conduct under such circumstances that an ordinarily prudent person would anticipate some injury to another as a reasonably probable result thereof." *Johanson v. Webster Mfg. Co.* 139 Wis. 181, 184, 120 N. W. 832.

"Negligence . . . is an omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or that something has been done which a prudent and reasonable man would not do." *Blazic v. Franzwa*, 179 Wis. 260, 191 N. W. 572.

The duty involved in negligence is "not to fail under such circumstances that a reasonably prudent person might infer injury as a natural and ordinary consequence of such failure to one to whom the duty is due." *Hasbrouck v. Armour & Co.* 139 Wis. 357, 363, 121 N. W. 157.

One cannot be found negligent "without finding that the defendant had reasonable ground to anticipate an injury to some one." *Brossard v. Morgan Co.* 150 Wis. 1, 8, 136 N. W. 181.

"If defendant had no reason to anticipate any injury to any healthy person . . . it was not negligent." *Marcott v. M., St. P. & S. S. M. R. Co.* 147 Wis. 216, 219, 133 N. W. 37.

"In order to make out a case of actionable negligence it must appear that the person sought to be charged therewith had knowledge that his act or omission complained of was likely to cause injury to some person or thing. This knowledge may be either actual or imputed." *Wickert v. Wis. Cent. R. Co.* 142 Wis. 375, 376, 125 N. W. 943.

"Actionable negligence . . . necessarily includes the element of reasonable anticipation that some injury may result

from the act." *Koehler v. Waukesha Milk Co.* 190 Wis. 52,. 60, 208 N. W. 901.

An act "becomes negligent, in a legal sense, by reason of the ability of a prudent man, in the exercise of ordinary care, to foresee the harmful results which follow its commission." *Drum v. Miller,* 135 N. C. 204, 47 S. E. 421, 65 L. R. A. 890, 901.

The question covering negligence was submitted by one question substantially as here in the case of *Warden v. Miller,* 112 Wis. 67, 87 N. W. 828, and the submission was affirmed by the court without criticism.

The above citations and quotations are given to illustrate that the court by upholding the charge in this case is not expressing any novel or startling idea. It is not intended to intimate that the manner in which the issue of negligence has heretofore been usually submitted and approved is incorrect. As an academic question it is immaterial how the issue is submitted, provided all necessary elements are included. As so clearly pointed out and illustrated in the case of *Berrafato v. Exner,* 194 Wis. 149, 156, 216 N. W. 165, the definition of proximate cause as given in that case, which is the definition customarily given, is confusing, misleading, and incomprehensible to the ordinary jury. Any method of submitting the issue of negligence that simplifies and clarifies it so that the ordinary jury can understand it should not only be approved but welcomed. It is considered that the submission here made is comprehensible to the ordinary juror. It is possible that submission of like questions might not cover every conceivable case.

It is also contended by defendants that the court erred in refusing to submit the requested questions on contributory negligence as proposed by them in literal accordance with the suggestion in the *Berrafato Case.* It was within the discretion of the trial judge to submit the case as he did notwith-

standing the request. The questions on contributory negligence and the general instructions in connection were as follows:

"Third question: Was the plaintiff negligent in continuing to ride in the defendant Weber's automobile up to the time when the same was overturned?

. . . "She was negligent if under the circumstances she so acted or so omitted to take precautions for her own safety that she ought reasonably to have foreseen that some injury or damage to herself might probably result from her own conduct in so continuing in the car. . . .

"Fourth question: If you answer the third question 'Yes,' then answer this: Was such negligence on the plaintiff's part a cause of her loss and injuries?

"The simple question is whether the relation of cause and effect existed between negligence on her part and her loss and injury."

These questions and instructions in connection properly and sufficiently covered the issue. Some experienced trial judges are of the opinion that as a practical matter juries are not aided in understanding the issues submitted to them by subdividing questions as recommended in the *Berrafato Case.* Others consider it helpful. In some situations it may be better so to submit the case, in others not. This being so, each trial judge should be permitted to exercise his own judgment and follow his own preference. If he covers the issue by his questions and instructions without erroneously stating the law, that is all that should be required. The trial judge, not the attorney on either side, has the right and authority to decide how the issues shall be submitted.

*By the Court.*—The judgment of the circuit court is affirmed.