GERBING, Respondent, vs. McDONALD, Appellant.

*February 8—March 4, 1930.*

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia.*

FOWLER, J.   The appellant lays thirteen grounds of error. Only one of them is to the point that the findings of the jury as to negligence are not supported by the evidence.   This is in effect that Gerbing was guilty of contributory negligence as matter of law, but it is manifest from the above statement of facts that his negligence was a jury question.

It is urged that a mistrial should have been ordered because the fact that the defendant carried indemnity insurance was injected into the case.   Two questions were put, one to defendant on adverse examination, and one on the trial whether he made some statement at the sheriff's office pertaining to the collision.   Objection was made and properly overruled.   The answers made were not responsive and stated that defendant had insurance.   Counsel moved to strike out the answers and for a mistrial.   The court struck out the answers so far as they referred to insurance but denied the mistrial, and stated to the jury correctly and very fully and forcibly that insurance had nothing to do with the case.   In view of the very full and forceful statement to the jury we cannot say that the court was not justified in denying the motion.

Error is claimed because the court refused to instruct in substance that as plaintiff was making a left turn on entering the state trunk road and required by statute to keep to

the right of the intersection in making his turn, he was bound to take the lead north of the grass plot to get onto the state trunk, because the center of the intersection is in the grass plot. This contention is manifestly without merit. There are plainly three intersections involved, one at each angle of the triangle. A vehicle using the north lead turning left must keep to the right of the intersection of the roads at this point.

Appellant claims the court erred in receiving incompetent evidence consisting of "conclusions" of witnesses. Questions in form calling for conclusions were asked and answered over objections. But in such cases the conclusion was plainly drawn and the only one inferable from facts previously testified by the witness. If a witness has testified that tracks made by an automobile were left of the center of a road, it is manifest that the automobile was left of the center when it made the tracks, and it is quite harmless although it be a conclusion for the witness to say that the automobile went to the left of the center of the road although he did not see it. The errors claimed under this head are all of this nature.

Error is claimed because the court permitted the jury to assess doctor's bills as an element of plaintiff's damages in the absence of evidence of the reasonable value or necessity of the services charged for. The weight of authority seems to be that where the character of the injury and of the treatment and the services of the physician and the amount paid for the service are fully proved, this constitutes evidence from which the jury may allow damages although there is no proof of either necessity or the reasonable value of the services. *Georgia R. & E. Co. v. Tompkins,* 138 Ga. 596, 75 S. E. 664; *Louisville & I. R. Co. v. Frazee,* 179 Ky. 488, 200 S. W. 948; *Abbitt v. St. Louis T. Co.* 104 Mo. 534, 79 S. W. 496; *Western G. C. Co. v. Danner,* 97 Fed. 882. Mere proof of injury and employment of and treatment by a

physician entitles the jury to make an award for the service, in the absence of evidence of necessity for or the value of the service. *Farley v. Charleston Co.* 51 S. C. 222, 28 S. E. 193, 401; *Moran v. Dover, S. & R. St. R. Co.* 74 N. H. 500, 69 Atl. 884; *Scullane v. Kellogg,* 169 Mass. 544, 48 N. E. 662; *Hart v. Charlotte, C. & A. R. Co.* 33 S. C. 427, 12 S. E. 9. The contrary is held in *Derr Const. Co. v. Gelruth,* 29 Okla. 538, 120 Pac. 253; *Dahlstrom v. N. P. R. Co.* 98 Wash. 390, 167 Pac. 1078; *Goodson v. N. Y. C. R. Co.* 94 N. Y. Supp. 10. It is held in *Farnham v. Akron Tire Co.* 98 Wash. 484, 167 Pac. 1081, and *Clarke v. Westcott,* 2 App. Div. 503, 37 N. Y. Supp. 1111, that such evidence is insufficient, but, in absence of objection to receipt of the evidence, justifies an award by the jury in such sum as they deem reasonable and necessary. We are clear that the items for hospital expenses, which as matter of common knowledge are definitely fixed by every hospital and are more or less standardized, $21.65 at Rhinelander and $48.50 at Chicago, should be allowed. The items of $53 and $250 for the doctors' services at Rhinelander and Chicago seem not so large as to indicate irregularity. The jury were plainly instructed to allow for only such services as they found necessarily rendered and such amount as they found reasonable. The plaintiff was entitled to recover something as expense of his wife's care and treatment. The jury allowed the full amount of the bills paid. Were the charges so large as to excite our suspicion we might well disallow the item, but as they do not appear beyond the bounds of reason it does not affirmatively appear that the defendant's substantial rights have been affected.

Error is alleged in the receipt of evidence as to the speed of the truck. Some of the testimony was to the effect that the truck was going fast or real fast and that it was speeding along. These answers are of course indefinite and fall within the letter of the condemnation in *Ronning v. State,*

184 Wis. 651, 200 N. W. 394. But in the *Ronning Case* the witnesses were a mile away while in the instant case they were in the plaintiff's car. When such expressions are used some comparison should be made to illustrate the witness's idea. However, the terms convey the idea that the truck was traveling faster than the ordinary speed of trucks and automobiles and are of some aid notwithstanding their lack of precision. The plaintiff was one witness who testified that the truck was going fast, but he estimated the speed at forty miles an hour and thus showed what he meant by fast. It is urged that he was incompetent to testify as to speed, but he was an experienced driver and according to his testimony saw the car when it was 250 feet away and when he was himself driving slowly. We consider his testimony competent. It is also urged that the instruction of the court, under sec. 85.08 (2), Stats. 1927, making speed under stated rates presumptively lawful, to the effect that speed in excess of the stated rate was presumptively unlawful, was erroneous. That it was erroneous is held in *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392. But here as there we do not consider that under all the evidence the error was prejudicial. It is also urged that the court erred in admitting an exclamation of Gerbing as the truck bore down upon him: "Look at that fool on the wrong side of the road." This was admissible as *res gestæ.* It may fairly be said in respect of all the alleged errors respecting evidence of speed that the findings of defendant's negligence on grounds other than speed are abundantly supported and of themselves justify the judgment.

Error is claimed because counsel for the plaintiff in arguing to the jury referred to a lump and scar on Mrs. Gerbing's shoulder as permanent while there was no evidence that they are so. The court instructed the jury in substance that there was no evidence of future disability except the lump on the shoulder, and no evidence as to how long it would continue and that they should make no material al-

lowance for that. This rendered harmless the statement complained of, if it was made. It is not to be presumed that the jury gave more heed to a mere statement of counsel in argument than to a specific direction of the court.

Error is charged because the trial court did not properly instruct the jury respecting negligence and particularly because he did not define the term "ordinary care." The first question of the special verdict involving negligence was, in short: "Was the party negligent?" The second was: "Ought the party reasonably to have foreseen that the negligent act (if any) found might probably cause injury?" The trial judge instructed that violation of a statutory regulation was negligence as the term was used in the question. He then said respecting lookout, as to which there is no statutory regulation, that a driver must "keep a careful lookout for dangers and so operate his car that he does not endanger the life, limb, or property of any other person. In other words, he is charged with the duty to so operate, manage, and control his car that under the circumstances present he creates no reasonable cause to foresee that personal injury or damage might probably result from his conduct. Failure to perform this duty constitutes negligence." This instruction is claimed to be incorrect. It was intended to define negligence as it is defined in *Hamus v. Weber, supra*. The idea is not expressed with the clarity that it was there expressed, but what we gather from it is that a driver should not do any act or omit any precaution which from the circumstances he ought reasonably to foresee might probably cause injury. This requires him to use ordinary care and tells what ordinary care is. As said in the *Hamus Case* respecting situations like that here involved:

"One must take ordinary care towards others, of course, but one must also take care not to do any act or omit any precaution when from the circumstances it would reasonably appear to an ordinarily intelligent and prudent person that such act or omission might probably cause an injury to some-

body. Hence ordinary care and the element of reasonable anticipation, as defined in the definition of negligence here involved, are the same. Otherwise we have two kinds of care in negligence, ordinary care and extraordinary care, and it is fundamental that one is never bound to exercise extraordinary care."

We adhere to the ruling in the *Hamus Case* and perceive no error in the instruction.

It is claimed that the court erred in permitting the cross-examination of a witness of defendant, but we perceive none. And it is lastly urged that the award of damages to Mrs. Gerbing is excessive. The award was no doubt liberal, but it was upheld by the trial court and we consider that it was within the limit to which the jury might properly go.

Notwithstanding that some errors occurred upon the trial the whole record makes it clear that the jury's findings are well supported by competent evidence. Under sec. 274.37, Stats., providing that no judgment shall be reversed for error unless after examination of the whole record it shall appear that the error complained of has affected the substantial rights of the party seeking reversal, it is considered that the judgment should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.

Fritz, J., dissents.