BENO, Appellant, vs. PEASLEY and another, Respondents.

*November 11—December 8, 1931.*

238

For the appellant there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Walter T. Bie.*

For the respondents there was a brief by *Clifford & Dilweg* of Green Bay and *Rouiller & Dougherty* of Milwaukee, and oral argument by *Gerald F. Clifford.*

FOWLER, J. The plaintiff claims that the trial court erred in changing the answers of the jury and that he is entitled to judgment on the verdict. The defendants urge (1) that in view of the ordinance the plaintiff was driving at an excessive rate of speed as matter of law, and (2) that the overwhelming evidence justifies the court's conclusion that the plaintiff was at the left of the center of the road and that this constituted negligence as matter of law. We will treat plaintiff's claims under headings as stated in these contentions of the defendants.

(1) In considering whether the plaintiff should be held to have been traveling at excessive speed we must consider the statute in force at the time involved as well as the ordinance. The statute (sec. 85.08 (2) (b) 6, Stats. 1927) provided that in a residence district twenty miles an hour should be presumptively lawful unless a different speed were fixed by local authorities. The place of collision was a residence district. The statute did not make twenty miles an hour unlawful or even presumptively so. It only provided that that rate or less was presumptively lawful. *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392. In this situation the question of the lawfulness of the rate of speed was for the jury to determine from all the circumstances. And under the statute the ordinance provision does not take the question of unlawfulness from the jury. The statute under the ordinance, or the ordinance under the statute, whichever way the matter be

stated, did not make speed in excess of fifteen miles an hour unlawful, or even presumptively so. It only made speed under that rate presumptively lawful. The statute declared a rule of evidence and the ordinance did not overbear that rule and render it nugatory. The speed rate named by the ordinance was limited by that rule.

(2) The lawfulness of the plaintiff's being at the left of the center of the road, if he was at the left of the traveled portion, must also be determined in view of the statute in force at the time involved. We discover nothing in the 1927 Statutes rendering it necessarily unlawful to drive at the left of the center of the road under the circumstances here involved. It must be borne in mind that there was a milk truck ahead which the plaintiff was "overtaking" and intending to pass. The statute relating to keeping to the right of the center of the road, sec. 85.01 (10), was only to the effect that one must so drive "except when overtaking and passing another vehicle subject to the regulations provided in this section," and the regulations in respect of "overtaking and passing" were sec. 85.01 (2), which provided for passing on the left, and sec. 85.01 (9), which provided that a driver should not drive to the left of the center "in overtaking and passing another vehicle proceeding in the same direction unless such left side is (was) . . . free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." The latter provision implies that one may take to the left side of the road while overtaking a vehicle with intention to pass it if the road ahead is clear of oncoming traffic for a sufficient distance to make passing safe. It was for the jury to say whether the conditions present permitted the plaintiff to drive to the left of the center while he was overtaking the milk truck with intent to pass it.

The errors of the court in changing the findings of the special verdict and dismissing the case compel reversal and would require entry of judgment for the plaintiff but for a matter we will now consider. The injuries of the plaintiff

were very much greater than ordinarily result from the loss of a leg, great as that injury ordinarily is, and obviously $5,000 is grossly inadequate to constitute compensation. The trial judge stated in his opinion filed on deciding the motions after judgment that he was satisfied that the jury returned $5,000 as damages because they knew of the insurance to that amount and that no part of the damage would fall on Peasley if they assessed it, and that they would not have found for the plaintiff at all but for these considerations. He gives substantial reasons for this belief, which it will serve no good purpose to state here, and indicates clearly that he would have granted a new trial in the interest of justice had he not been of opinion that defendants were entitled to judgment as matter of law. It clearly appears to us, as it did to him, that the verdict of the jury is perverse. The defendants in their motions after judgment moved in the alternative for a new trial on the ground of perversity of the verdict in case their motions for judgment of dismissal were not granted. Their alternative motion should have been granted. The defendants do not move for a review of the court's ruling on their such motion, being satisfied with the major relief granted them, but we consider that because of the perversity of the verdict it must be set aside and a new trial ordered.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

FAIRCHILD, J. (*dissenting*). I am of the opinion that the case was properly disposed of by the trial court and that the judgment should have been affirmed.

The law of the road as it was at the time of this accident required the driver of a vehicle to drive the same upon the right half of the highway except when overtaking and passing another. Sec. 85.01 (10), Stats. 1927.

Appellant was guilty of contributory negligence. His want of ordinary care appears from his failure in watchfulness and lack of precaution to avoid danger which was, or ought to have been, apparent to him as he drove his motorcycle in front of respondent's truck. The respondent was held to be negligent and his acts are not reviewed here.

Conceding the difficulty of defining prudence or ordinary care, and when practically defined of applying it to a state of facts, still I can see no reason for excusing appellant under the circumstances disclosed in this record. Concerning seeing respondent's truck appellant's testimony is:

"I didn't look to see whether there was a driver in the driver's seat. It was practically on the concrete when I saw it first, in a position to go out on the highway. A person wouldn't think that he was going to start with somebody coming down the road. I didn't think it was necessary to slow down to find out whether he was going to start. I didn't go over to the right side of the road, I kept about where I was. There was nothing to prevent my getting over to the right side of the road. The concrete was clear on the other side. These motorcycles turn fairly easy. I suppose I would have avoided the accident if I had turned my motorcycle over within a foot."

The concrete at the point of collision was twenty-four feet wide. The appellant was riding within four or five feet at the most from the left edge of the concrete. There is suggested as a reason for his going to the left of the center of the traveled track that he was about to pass a milk truck. The record does not bring that one sufficiently into the picture so that it can constitute a justification of his conduct at that point or excuse him from failure to use ordinary care concerning those who might be about to enter the highway from his left. His testimony is:

"It wasn't necessary to change my position of my motorcycle in the road because of any truck; this truck was too far ahead of me to do anything. I didn't blow my horn for

the milk truck, I was too far away from it, and he wouldn't have heard it if I had blowed it."

There is other evidence of a similar nature and to the same effect. The presence of respondent's truck at the side of the road apparently about to enter upon the highway required of appellant more than a passing glance if he is to be credited with having exercised ordinary care. See sec. 85.12, Stats. 1927.

I am authorized to state that Mr. Justice FRITZ joins in this dissent.