BITTNER, Respondent, vs. MILLER and others, Appellants.

*October 15—December 8, 1936.*

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas,* attorneys, and *Lawrence E. Hart,* guardian *ad litem* for Lester Miller, all of Madison. and oral argument by *Mr. Hart.*

For the respondent there was a brief by *Morrison & Callahan* of Columbus, and oral argument by *C. B. Callahan.*

MARTIN, J.  Error is assigned because of the court's refusal to set aside the several answers of the jury finding negligence on the part of the defendant Lester Miller, and its refusal to change the jury's answer finding plaintiff not negligent with respect to the portion of the highway which he yielded to the Miller automobile and with respect to control.  Error is also assigned because of the refusal of the court to hold that as a matter of law the causal negligence of the plaintiff was at least as great as any negligence on the part of the defendant Lester Miller.  Other errors are assigned as to instructions given and refusal to instruct as requested.  It is also claimed that the court erred in refusing to set aside the verdict because of excessive damages.

Since the judgment must be reversed and a new trial ordered because of the error in instructions hereinafter mentioned, a recital of the facts as disclosed by the evidence can serve no useful purpose.  However, as to the negligence of the defendant Lester Miller and the plaintiff, the evidence presents a clear jury question.  On the question of excessive damages, the facts in this case are well within the reasoning and conclusion reached by this court in *Wilke v. Milwaukee E. R. & L. Co.* 209 Wis. 618, 624, 245 N. W. 660.  It is our conclusion that the damages found are not excessive.

The appellants contend that the court erred in its instruction to the jury in defining negligence as follows:

"The term 'negligence' as used in this case is a failure to exercise such care as the great mass of mankind ordinarily exercises under the same or similar circumstances.  It means a want of that degree of care and caution which a person of ordinary intelligence, care and prudence usually exercises in a like or similar situation or business, under like or similar circumstances."

It is contended that there is prejudicial error because the instruction omitted the element of foreseeability.  That is,

the jury was not required to determine whether the defendant Lester Miller should have foreseen or anticipated that some injury might result from his conduct.

Immediately following this instruction the court further instructed as follows:

"You are instructed that there is no law in this state arbitrarily fixing the maximum speed at which a car may travel on the highway in open country, but a statute [sec. 85.40] does provide that it shall be unlawful for any person to operate any vehicle upon a highway carelessly and heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection or in a manner so as to endanger or be likely to endanger the property, life, or limb of any person, or without due regard to the traffic, surface, width of the highway, and any other condition of whatever nature then existing. An automobile operator who disobeys this or any of the other statutory regulations which I may hereafter call to your attention is guilty of negligence as that word is defined in these instructions.

"Another statute [sec. 85.40 (5)] provides that in traversing curves and grades where the operator does not have a clear view of approaching traffic upon the highway, the speed of such vehicles shall not be greater than that which will permit him to stop his vehicle within one half the range of his vision.

"A statute [sec. 85.16 (5)] also provides: 'It shall be unlawful for the operator of a vehicle to operate on the left side of the highway upon any part of a grade or upon a curve in the highway where the operator's view along said highway is obstructed within a distance of one thousand feet.' "

The court further instructed:

"You are instructed that as he approached the place where the accident in question occurred each driver was entitled to assume that the driver of any approaching car would in all respects comply with the rules of the road. Among other things, each driver was entitled to assume that the driver of

the car which was approaching him from the opposite direction would drive his automobile on the right side of the roadway, and that in meeting the driver of the approaching car would yield one half of the main traveled portion of the roadway to the other car. In operating his automobile, each driver was entitled to rely on these assumptions until he knew, or in the exercise of ordinary care should have known, that the other driver did not intend to comply with the rules of the road. . . . You are instructed that under the law of this state the drivers of all vehicles upon highways of sufficient width are required to drive upon the right half of the roadway except when overtaking and passing another vehicle. You are further instructed that the drivers of cars proceeding in opposite directions are required to pass each other to the right, each giving the other at least one half of the main traveled portion of the roadway as nearly as possible."

The question here involved has been considered at length by this court in *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392, and in *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372. In the latter case, the language used in the *Hamus Case, supra,* is re-examined and limited. The court said:

"Heretofore the law of torts in general has been stated in terms of applicable remedies rather than in terms of wrongful invasion of legally protected interests and the consequences thereof. It is apparent that the ultimate question being investigated in cases like this is whether or not the defendant is liable to the plaintiff in damages. Stated in terms often employed, this liability follows as a matter of law in the absence of contributory negligence or intervening cause when certain basic facts are ascertained: (1st) Did the defendant fail to exercise ordinary care? (2d) Except in a certain class of cases referred to later, under the circumstances of the case, should the defendant, as a reasonably prudent person, *have anticipated that the act would probably cause damage to another?* (3d) Was the act complained of the cause in a legal sense of plaintiff's injury?"

In considering the class of cases where foreseeability is not an element of negligence, in the *Osborne Case* the court said:

"These cases are those in the main where the act amounts to a violation of a standard of care fixed by statute (ordinance) or previous decision. . . . It is apparent, however, that where an act is done in violation of a statute or ordinance, which act invades an interest protected by the statute or ordinance, there no inquiry can be permitted as to the element of foreseeability. The legislature in the one case and the court in the other has declared the standard for the protection of certain interests and in so doing has foreseen that the protection of those interests requires the actor to refrain from the act in question irrespective of the ability of the actor to foresee harm."

As to question number 1 of the special verdict, covering the alleged negligence of the defendant Lester Miller, and as to question number 3 covering the alleged negligence of the plaintiff, the appellants' counsel specifically requested an instruction defining the word "negligence" in the language used by this court in the *Osborne Case, supra.* The requested instruction was not given and the element of foreseeability was omitted from the instructions. Question number 1 of the special verdict made inquiry as to the negligence of the defendant Lester Miller with respect to speed, lookout, and control. Clearly, the element of foreseeability should have been included in the court's instructions relating to Miller's negligence in the respects mentioned. The same applies to the plaintiff's negligence covered by question number 3. It will be noted that in the instruction immediately following the quotation of sec. 85.40, Stats., the court, continuing the instruction, said:

"An automobile operator who disobeys this or any of the other statutory regulations which I may hereafter call to your attention is guilty of negligence as that word is defined in these instructions."

It will be observed that sec. 85.40, Stats., is very general in its provisions. No standard of care is fixed applicable to speed, lookout, and control. In cases where the negligence charged consists in the violation of statutes (ordinance) or previous decision by which a standard of care is fixed, no inquiry will be permitted as to the element of foreseeability. The error complained of is emphasized by its immediate association with the quotation of sec. 85.40, Stats., in the court's instruction to the jury. The error being prejudicial as to Lester Miller's conduct with respect to speed, lookout, and control, the defendants are entitled to a new trial.

*By the Court.*—Judgment reversed. Record remanded, with directions to enter an order granting a new trial of the action.