The defendant-appellant, Phillip M. Atwater, was tried in the Dayton Municipal Court without the intervention of a jury and found guilty of aggravated menacing in violation of R.C. 2903.21, and from the judgment and sentence thereupon entered in the trial court, Atwater has filed a notice of appeal to this court.
On June 26, 1998, Kenneth Atwater, the appellant's brother, was invited by two friends, Sam Sweed and Mac Snowden, to walk with them from his home to Ferguson Avenue. The three men remained at a residence on Ferguson Avenue for about five minutes before starting back toward Atwater's house, but upon reaching Grand and Dustin Avenues, Phillip Atwater and a companion drove along side them. At that point, the appellant made an accusation to Kenneth Atwater and wanted to fight him, but Atwater, Sweed and Snowden continued to walk to 731 Dunbar Street.
Subsequently, Kenneth, Sam, and Mac were sitting around a table at the Dunbar address when the appellant entered the home swinging a gun and pointing it at Kenneth Atwater's face. The appellant threatened to blow out his brother's brains and to shoot his children. Phillip told Kenneth to come outside or he was going to "blow your damn head off". After the appellant left the house, Kenneth Atwater heard the gun fired outside, but he remained inside until after his brother had left the scene of the alleged crime. According to the victim, he did not go home until several hours after the incident because he was afraid to leave.
In this court, the nature of the appeal is reflected by a single assignment of error, which provides as follows:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DEPRIVING APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY ENTERING A VERDICT OF GUILTY AS SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In support of the alleged assignment of error, the appellant argues that the trial court should have placed greater emphasis upon the failure of the prosecution to call corroborating witnesses, and Mr. Atwater further contends that the court should have given more consideration to the time lapse of many hours between the alleged commission of the crime and the filing of the menacing charge.
However, the determination of the weight to be given inferences which might be drawn from such matters was an exclusive prerogative of the trier of the facts of the case. State v.DeHass (1967), 10 Ohio St.2d 230. See also, State v. Martin
(1983), 20 Ohio App.3d 172; Cleveland v. Petko (1996), 112 Ohio App.3d 670; State v. Rios (1991), 75 Ohio App.3d 288. And the judgment is not against the manifest weight of the evidence.
Here, the appellant also challenges the sufficiency of the evidence, arguing that the State failed to prove an essential element of the crime. This argument is apparently based upon the assumption that Kenneth Atwater had no reason to believe that his brother, Phillip, would cause any serious physical harm to him, but the testimony of Kenneth at the trial warrants a completely different view of the evidence. Surely, the presence of the loaded gun, when coupled with the attending threats, after the previous invitation to fight, would provide some food for thought.
In the final analysis, therefore, the controlling issue in this case, and the only one of any consequence, revolved around credibility, and the trial court was apparently more receptive to the testimony of the victim, Kenneth, than to the testimony of his brother, Phillip. And under such circumstances, it is fundamental, of course, that this court may not interfere. As observed in State v. Eskridge (1988), 38 Ohio St.3d 56, at paragraph 2 of the syllabus "a reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."
Accordingly, the alleged error is overruled, and the judgment of the trial court will be affirmed.
BROGAN, J., and WOLFF, J., concur
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Mary E. Welsh
David H. Fuchsman
Hon. John S. Pickrel