DeTUNNO, a Minor, Plaintiff-Appellee, v. SHULL, Defendant-Appellant.
DeTUNNO, Plaintiff-Appellant, v. SHULL, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

Nos. 5291, 5292.   Decided March 1, 1956.

Donald S. McNamara, Keith McNamara, Columbus, for plaintiff-appellee, Thomas DeTunno, etc., and for plaintiff-appellant, Harry DeTunno.

Knepper, White, Richards, Miller & Roberts, Andrew J. White, John B. Hennessey, Columbus, for defendant-appellant, defendant-appellee, Norman O. Shull.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By FESS, J.

Two negligence actions were, by agreement, consolidated for trial. In case No. 5291, the minor plaintiff brought his action for damages for personal injury. In case No. 5292, the minor's father sought damages for medical care, expense and loss of the child's earnings. In each case the jury returned verdicts for the defendant.

Case No. 5291 is an appeal on questions of law taken by the defendant from an order of the court granting the minor plaintiff a new trial.

Case No. 5292 is an appeal on questions of law taken by the plaintiff from the judgment entered on the verdict for the defendant.[1]

The automobile in which the minor was a passenger in the rear seat, while stopped by a traffic light, was struck in the rear by the automobile driven by the defendant. Defendant admitted that the car in which the minor was a passenger was stopped by traffic; that defendant had had some beer and pleaded guilty to a charge of operating his motor vehicle while under the influence of liquor.

Upon first impression, it would appear that the jury was consistent in its verdicts for the defendant and that the court was inconsistent in granting the minor plaintiff a new trial and overruling his father's motion for a new trial.

In the minor's case, the assignments of error are:

1. The court abused its discretion in sustaining the motion of plaintiff-appellee for a new trial and in ordering the same.

2. The granting of the motion of plaintiff-appellee for a new trial is contrary to law.

3. The court erred in admitting evidence of plaintiff-appellee over the objection of defendant-appellant made at the time of offering such evidence.

Although the journal entry does not recite the grounds upon which the new trial was granted, in its opinion the court recites that "The verdict and judgment are contrary to the weight of the evidence." **Sec. 2321.17 (F) R. C.** provides:

(F) That the final order, judgment or decree is not sustained by sufficient evidence or is contrary to law."

---

1. The notice of appeal also designates the order of the court overruling plaintiff's motion for a new trial.

Although the ground for granting the new trial does not comport with the statutory ground, the terms "weight of evidence" and "sufficient evidence" have long been regarded as synonymous terms and used interchangeably. Brittain v. Industrial Comm., 95 Oh St 391, 396; Waldron v. New York Cent. Ry. Co., 106 Oh St 371, 377.

It is firmly established that notwithstanding the provisions of §2505.02 R. C., an order vacating or setting aside a judgment and ordering a new trial is not a final order unless there was an abuse of discretion upon the part of the court in granting such motion. Green v. Acacia, etc., Co., 156 Oh St 1; Schwer v. New York, etc., Rd. Co., 156 Oh St 115; Johnson v. O'Hara, 156 Oh St 117; Mele v. Mason, 156 Oh St 118; Lawrence v. Moore, 156 Oh St 375; Schaible v. Cincinnati, 157 Oh St 512.

In the instant cases, since liability was practically admitted, it is apparent that the jury did not believe the testimony submitted in support of the plaintiffs' claims and concluded that the minor was not injured or that such injury as he may now be suffering was not proximately caused by the negligence of the defendant. Defendant admitted that he was driving thirty to thirty-five miles per hour when the accident happened and that he struck the rear of the other car with such force as to damage the front grill and radius rod of his automobile. The minor was thrown off the seat onto the floor back of the front seat. The boy was taken to the hospital in an ambulance. He was examined in the emergency room at the hospital within an hour or so after the accident and complained of "pain, right ear, after blow on side of head following auto accident." The diagnosis was "contusion of scalp and pinna."

It is thus apparent that plaintiff as a result of the collision sustained some, if slight, injury for which he would be entitled to at least nominal damages.

"For any injury done to the person or property of another, where the injury is immediate, upon the commission of an unlawful act, the person injured may have an action; and this, although the injury complained of is ideal, not real or substantial. * * * So, too, a person assaulted, although he has sustained no actual, or rather no real, substantial injury, may have his action. These principles are too well settled to be controverted." Hitchcock, J., in Cooper v. Hall (1832), 5 Ohio 321.

"Abuse of discretion" in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. Steiner v. Custer, 137 Oh St 448; State, ex rel. Shafer v. Ohio Turnpike Commission, et al., 159 Oh St 581. Upon the record on this appeal, we find no abuse of discretion. Therefore the appeal is not taken from a final order and should be dismissed.

With respect to appeal No. 5292, error is assigned to the display of motion pictures purporting to show the boy changing a wheel on an automobile some three years after the accident. The pictures were shown to refute the testimony of the boy that he was physically unable to change a tire. The photographer admitted that he had not taken moving

pictures before, that he received the camera from a detective agency and delivered the undeveloped films to the agency where the pictures had remained prior to trial. Appellant contends that the pictures should not have been shown because no adequate foundation was established to prove their authenticity and accuracy.

Motion pictures are admissible in evidence, within appropriate discretion of the trial court, where their relevancy, authenticity and accuracy of portrayal are established by the laying of an adequate foundation. **North American Aviation, Inc., v. United Automobile, etc., 69 Abs 242.** The same principles that apply to the admission of still pictures should apply to the admission of moving pictures, with the possible exception that precaution should be exercised to guard against distortion due to variations in the speed at which a projector is run and otherwise with respect to operation and focus. In Ohio and elsewhere, Photographs are admissible in evidence when they appear to have been accurately taken and are proven to be an accurate representation of the subject. Preliminary proof should be made that the object or person which is the subject of the photographs is fairly represented. Necessarily, some discretion is reposed in the court in passing upon the preliminary proof and determining whether the photograph has been sufficiently verified and is pertinent to an issue. The weight to be given to such evidence is of course for the jury. **17 O. Jur., p. 580.** Cf. **Senn v. Lackner, 81 Oh Ap 83.** The general rule has always been that photographs may be offered to identify a person, or to show his physical condition and appearance, when it has been shown that the photograph is reasonably accurate, Smith v. Cincinnati Tr. Co., 24 N. P. N. S. 565, and if it becomes pertinent, in order to make out a case, to prove ability, prior to an injury, to perform certain difficult feats of personal ability and skill, pictures or diagrams which are proven correctly to represent the feats are admissible. **Cincinnati, etc R. Co. v. DeOnzo, 87 Oh St 109.**

In the instant case, the photographer testified that the pictures fairly and accurately represented the activities of Thomas DeTunno on the day on which the pictures were taken as he observed his activities that day. He also identified Thomas DeTunno as the person shown in the pictures.

The photographer was cross-examined at some length with respect to his qualifications as a photographer, the position from which the pictures were taken, and his means of identifying the plaintiff. The foundation thus having been laid for their admission, no error prejudicial to the plaintiff was committed incident to the admission and display of the pictures.

In his petition, the boy's father alleged that he was required to expend $265.00 for hospital and medical treatment for his son. In support of this claim, plaintiff testified that he had incurred expense incident to hospitalization and medical treatment of the boy. He identified several hospital and doctor's bills for services rendered the child, which he had not paid. When a general objection was interposed to the introduction of these bills, ruling thereon was deferred until after cross-examination. The bills were not thereafter tendered and they do not appear in the record. At the close of all the evidence, on motion of the

defendant, the court withdrew from the jury all of these claimed items of expense, excepting $49.00, which the plaintiff had paid for back supports and braces. In his charge, the court said:

"In this connection you may consider the expenses reasonably incurred for the supports or braces which have been required. No other items of expenses have been properly proven and therefore you will disregard any and all other claimed items of expense."

The reason given by the court for excluding this testimony was that the value of professional services must be established by professional witnesses, citing 42 O. Jur., 547, McIntyre v. Garlick, 8 O. C. C., 416; Rose v. Brandewie, 60 Abs 260, and Jones on Evidence, No. 386A, wherein it is said:

"But as to the value of professional services, only persons engaged in that profession may express opinions and witness's testimony is not conclusive upon the jury, or upon a court, sitting without a jury; it is merely advisory."

In an action to recover for the rendering of professional services it appears that expert testimony is requisite. But in an action for damages for personal injury reasonable expenses incurred for care and medical attendance, made necessary by the injury, may properly be included by the jury in their estimate of damages, although such expenses have not been actually paid. Gries v. Zeck, 24 Oh St 329; Cincinnati Omnibus Co. v. Kuhnell, 9 O. D. Repr., 197. Of course it is necessary to submit some proof as to medical expenses incurred and if no testimony has been given showing the amount of such expense, the jury may not take it into consideration in fixing the damages. Andrews v. Toledo, etc., R. Co., 19 O. C. C., 699; Collins v. Potasky, 64 Abs 97.

Plaintiff testified that he incurred these obligations and in corroboration of the amount thereof submitted the bills. He was legally responsible for the payment of such obligations. Parents legally responsible for medical services necessarily furnished their injured minor child can recover in their own action from the persons responsible for the injury the amount reasonably expended therefor, or for which they have become liable. Marmorstein v. Schuck, 29 Oh Ap 229; Seitz v. Wittzberger, 18 O. C. C. N. S. 160; Tuttle v. Furi, 22 O. C. C. N. S. 388; Cincinnati Omnibus v. Kuhnell, 9 O. D. Repr. 197; Landneier v. Cincinnati St. R. Co., 7 O. N. P. 188; Aulen v. Cantor, 13 O. N. P. N. S. 599; Meade v. Lillie, 17 O. D. N. P. 312; Sears v. Lairson, 29 O. O. 255. The fact that the parent has not paid the bills is immaterial since the services are for necessaries and the law implies the contractual obligation on the part of the parent to pay for them.

In an action for damages the normal procedure is to interrogate the physician as to the amount of his bill followed by inquiry as to whether the charge is reasonable. But in the instant case plaintiff's testimony that he had incurred these obligations was undisputed. The bills themselves may have been properly rejected as hearsay but there was sufficient testimony aside from the bills themselves to go to the jury for its consideration upon this phase of plaintiff's claim. The weight to be given such testimony was for the jury. To sustain plaintiff's claim it is

unnecessary to bolster it by introducing expert testimony tending to show the reasonable value of such services. Carangelo v. Nutmeg Farm, 115 Conn. 457, 162 A., 4; 82 A. L. R. 1320; Northwest States Co. v. Ashton, 65 P. 2nd, 235; Western Gas Const. Co. v. Danner, 97 F. 882 (9 CCA-1899); Scullane v. Kellogg (1897), 169 Mass. 544, 48 N. E. 622; Moran v. Dover, etc., St. R. Co., 74 N. H., 500, 69 A., 884 (1908); Farley v. Charleston Basket, etc. Co. (1897), 51 S. C., 222, 28 S. E., 193; Gerbing v. McDonald, 201 Wis., 214, 229 N. W., 860 (1930); contra, Burmingham Amusement Co. v. Norris, 216 Ala. 138, 53 A. L. R., 840.

The Court therefore erred to the prejudice of the plaintiff in withdrawing from the consideration of the jury the items of hospital and medical expense.

Error is also assigned to the refusal of the Court to give the following pre-argument instruction requested by the plaintiffs:

"Ladies and gentlemen of the jury: I charge you that the burden of proof in these cases is upon the plaintiffs, and by burden of proof is meant the duty to produce sufficient evidence to lead you to believe that the facts are as the party who has the burden claims them to be. For this purpose the law requires the party, who affirms a fact exists, to do so by a preponderance of the evidence.

"By a preponderance of the evidence is meant the greater weight of the evidence, however slight. It must not be determined by the number of witnesses testifying to an alleged fact, but by the probative force of the testimony. In other words, after you have heard all the testimony on any material fact to be proven, then that side which you believe or are the more strongly inclined to believe, is said to have the preponderance of the evidence."

The charge is taken from a portion of a general charge found correct in McBard Coal Co. v. Bayle, 35 Oh Ap 532. In that case, the excerpt was considered in the light of the charge as a whole and found nonprejudicial. Preponderance of the evidence means "preponderance" or "greater weight." It may be abstractly correct to say that by a preponderance of the evidence is meant the greater weight of the evidence, however slight, but "however slight" tends to weaken the greater weight. Cf. Pickering v. Cirell, 163 Oh St 1. To make the refusal of a request to charge prejudicial error, it must be strictly correct and accurate. If a charge is defective in any respect, it may be refused. No error prejudicial to the plaintiff was committed by the court in refusing the request.

Other errors assigned are not well taken, or are found nonprejudicial.

Appeal No. 5291 dismissed and cause remanded to the Common Pleas Court for further proceedings.

Upon appeal No. 5292, judgment of the Common Pleas Court reversed and cause remanded thereto for a new trial.

Upon each appeal, costs to abide final judgment.

MILLER, PJ, HORNBECK, J, concur.