88

THE STATE OF OHIO, APPELLEE, *v.* HILL, APPELLANT.

[Cite as State v. Hill, 12 Ohio St. 2d 88.]

(No. 40740—Decided December 20, 1967.)

*Mr. Paul J. Mikus,* prosecuting attorney, *Mr. John B. Otero* and *Mr. John P. Gallagher,* for appellee.

*Mr. Robert A. Dougherly,* for appellant.

ZIMMERMAN, J. Late on the night of February 19, 1966, Raymond Pounds, standing behind a cash register counter of a food market in the city of Lorain, was shot in the head and killed by the close discharge of a shotgun fired by an individual who was there for the purpose of robbery and who was apprehended a short time later.

A clerk in the market at the time of the murder identified defendant as the one who fired the fatal blast, and a man on the outside of the market identified defendant as one who ran from the market immediately after the shooting. There was other corroborating evidence identifying the defendant with the crimes charged against him.

Four principal reasons are advanced as to why the judgment of the Court of Appeals should be reversed, and they will be stated and discussed in order.

First, the claim is made that the trial court committed reversible error in overruling defendant's motion to appoint a commissioner to take pretrial depositions under the provisions of Section 2945.50, Revised Code. Such motion was overruled

for the stated reason "that said witnesses will be available to testify at time of trial one week from date."

It will be noted that this statute provides, *inter alia,* that, "The court or a judge thereof *may* grant such commission." The overruling of the motion violated no due process provision of the state or federal Constitutions and is largely a matter within judicial discretion. It seems apparent that counsel for defendant were aware generally of the testimony to be expected of the witnesses at the imminent trial, and that opportunity would then be given to thoroughly examine them. Reading between the lines, the thought suggests itself that the court may have concluded that the motion's objective was to conduct what is commonly termed a "fishing expedition." Moreover, there is no indication that the result of the trial would have been different had the depositions been taken. We find no substantial merit in defendant's first contention.

Second, it is urged that the trial court, upon objection, should have excluded from the evidence black and white photographs taken of decedent soon after his murder. Inspection of those photographs shows that they are not so gory or gruesome as to produce an inflammatory reaction by the jury against defendant, and they were introduced in connection with the testimony of the state's witnesses to explain and clarify certain aspects of that testimony. Again, the admission or rejection of the photographs was within the sound discretion of the court, and we find no abuse of that discretion here. Our present position is fortified by the case of *State* v. *Woodards,* 6 Ohio St. 2d 14, 24, 215 N. E. 2d 568, 577 (certiorari denied, 385 U. S. 930), wherein it is said in the opinion:

"* * * The rule is well settled that photographs * * * are not objectionable so long as they are properly identified, are relevant and competent and are accurate representations of the scene which they purport to portray. Indeed, photographs frequently convey information to the court and jury more accurately than words. * * *

"Although a photograph may be rendered inadmissible by its inflammatory nature, the mere fact that it is gruesome or horrendous is not sufficient to render it inadmissible if the trial

court, in the exercise of its discretion, feels that it would prove useful to the jury. * * *

"The real question is whether the probative value of such photographs is outweighed by the danger of prejudice to the defendant. * * *

"This court cannot say that the admission of the color slides prejudiced defendant's right to a fair trial or that the trial court abused its discretion in admitting them into evidence."

Third, the complaint is made that the testimony of the state's witness (the one who saw defendant running from the market after the murder) as to the alleged offense should have been excluded, because the identity of such witness was not revealed to defendant in compliance with the court's order made in response to defendant's pretrial motion.

The prosecutor stated professionally that he did not know of this witness or his name until after the court's order. Furthermore, defendant's motion was directed to those witnesses who witnessed the offense. The witness in question did not see the crimes committed but observed only the flight of defendant following the commission of those crimes.

In a criminal case, the interest of the state and its citizens is involved as well as the interest of the accused. Ascertainment of the truth is always of paramount importance. Despite any dereliction of the prosecutor, the court would have acted wrongly in refusing to permit the challenged witness to testify. Counsel for defendant had full opportunity to cross-examine this witness and availed themselves of that opportunity.

Fourth and last, defendant insists that the court should have given defendant the benefit of a charge on manslaughter, and that the failure to do so constituted prejudicial error.

When one enters upon the premises of another for the patent purpose of committing a robbery, carrying a loaded deadly weapon, and in the process of effectuating the robbery shoots that other in a vital part of his anatomy and kills him, there is small room to doubt that the act was deliberately and intentionally done, thereby constituting the crime of murder in the first degree.

It seems to us that the sound and oft-cited case of *Bandy* v. *State*, 102 Ohio St. 384, 131 N. E. 499, 21 A. L. R. 594, settles this matter. There, this court flatly held that under an indictment for murder in the first degree whether a charge is warranted for murder in the second degree or manslaughter depends on whether there is any evidence tending to support murder in the second degree or manslaughter. Upon the failure of proof as to murder in the first degree, defendant is entitled to an acquittal, and in such a case the court commits no error in refusing to charge on lesser included offenses.

It is our studied opinion that the defendant had a fair trial and was fortunate in not being sent to the electric chair. The conviction was fully warranted, the trial was devoid of reversible error, and both lower courts were correct in their judgments.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurs in the syllabus but dissents from the judgment.