CITY OF CLEVELAND, Appellee,

v.

PETKO, Appellant.

[Cite as *Cleveland v. Petko* (1996), 112 Ohio App.3d 670.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69830.

Decided July 22, 1996.

*Carolyn Watts Allen,* Chief City Prosecutor, and *Pinky Carr,* Assistant Prosecutor, for appellee.

*John J. Sheehan, Jr.,* for appellant.

JAMES M. PORTER, Judge.

Defendant-appellant Norbert Petko appeals from his conviction following a bench trial in Cleveland Municipal Court for aggravated menacing (R.C. 2903.21). Defendant challenges the conviction on the grounds that the evidence was insufficient to support the elements of the offense, that the conviction was against the manifest weight of the evidence, and that the trial court erred in the admission of photographic exhibits and hearsay evidence. We find no merit and affirm.

On June 6, 1995, Joseph Paratto was in his back yard photographing a fence erected by defendant on his own property, but which tended to obstruct the view from Paratto's home. The location of this fence had apparently occasioned numerous past disputes between defendant and the Parattos. The housing inspector had ordered its relocation on previous occasions, but defendant resisted. On the day in question, Paratto was photographing the location of the fence to show its continuing violation.

While Paratto was photographing the fence, the defendant came out of his home yelling at the victim and holding a screwdriver in his hand. The defendant lunged at the victim with the screwdriver, making jabbing motions towards the victim's face over the fence. The victim backed away and took pictures of the

defendant. The defendant's actions were seen by the victim's wife and a neighbor, who both testified to the attack.

Defendant argued below, as he does here, that he did not put the victim in fear of serious physical harm and therefore the elements of the crime were not established. The trial court disagreed and found defendant guilty as charged. This timely appeal ensued.

We will address the assignments of error in the order asserted and together where convenient to the discussion.

"I. The trial court erred to the prejudice of the defendant-appellant in failing to dismiss the complaints and finding defendant guilty of aggravated menacing on the grounds that the state failed to prove all of the necessary elements of the offense of aggravated menacing beyond a reasonable doubt.

"II. The trial court erred to the prejudice of defendant-appellant as the findings of guilty are contrary to law and against the manifest weight of the evidence."

The standard of review with regard to the sufficiency of evidence is set forth in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus:

"Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." See, also, *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399; *State v. Davis* (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966, 969–970.

*Bridgeman* must be interpreted in light of the sufficiency test outlined in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" See, also, *State v. Garner* (1995), 74 Ohio St.3d 49, 60, 656 N.E.2d 623, 634–635.

When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the

evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the factfinder's verdict.

As this court has stated:

"The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find a defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239." *State v. Rios* (1991), 75 Ohio App.3d 288, 291, 599 N.E.2d 374, 376. See, also, *State v. Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d at 503.

R.C. 2903.21 required the city to show that the defendant "knowingly cause[d] another to believe that the offender will cause serious physical harm to the person * * *." In this case, Paratto testified that defendant's actions with the screwdriver were directed at him on the day in question and threatened such harm.

R.C. 2901.01(E) defines "serious physical harm," in pertinent part, as follows:

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

■ Testimony from the two eyewitnesses, the victim's wife and a neighbor, confirmed the nature of defendant's attack. The wife testified:

"Q. What happened that day as it related to your husband and the defendant?

"A. It was about 5:30, Tuesday afternoon. My husband, Joe, went to go photograph a fence that was put up. And at that time, Mr. Petko came out the house, leaned over the fence, and starting slashing at him with a screwdriver."

The neighbor testified:

"Q. Okay. So what happened as the victim was taking these pictures?

"A. Norbert Petko leaped on the fence and started jabbing at Joe's face.

"Q. And do you know what he was jabbing at him with?

"A. No, I didn't see. I didn't know if it was a knife or what it was.

"Q. But did you see an object in his hand?

"A. Yes.

"Q. What did that object look like?

"A. A long—about that long (indicating)."

The testimony of both witnesses plus the victim's own testimony established that defendant was attempting to cause the victim harm by jabbing and/or slashing at his face with a screwdriver. The victim testified that as the defendant attempted to jab and slash him, he told the victim, "If you think you had trouble before, you really are going to get trouble now." The victim testified that the defendant's conduct "kind of freaked me out" and that "I was afraid that he [was] going to do me bodily harm." Under the circumstances, it was not unreasonable for the victim to believe that the defendant was trying to cause him serious physical harm. If the defendant had been successful in his attempt to jab and/or slash the victim's face with the screwdriver, some disfigurement or serious injury to the victim's face would have likely occurred. This was sufficient to establish that the defendant knowingly placed the victim in fear of serious physical harm. We find that the evidence was sufficient to establish to the satisfaction of the average mind that all elements of the offense had been proved beyond a reasonable doubt. See *State v. Harrison* (Sept. 30, 1991), Portage App. No. 91–P–2298, unreported, 1991 WL 206650 (brandishing knife in anger supported conviction for aggravated menacing).

For the very same reasons we find no merit to defendant's contention that the conviction is against the manifest weight of the evidence. Assignments of Error I and II are overruled.

"III. The trial court erred to the prejudice of defendant-appellant in overruling defendant-appellant's objection to the admission of the photographs into evidence."

This court in *Kubiszak v. Rini's Supermarket* (1991), 77 Ohio App.3d 679, 685, 603 N.E.2d 308, 312, held as follows:

"A photograph is not objectionable if it is properly identified, is relevant and competent, and is an accurate representation of the scene which it portrays. A proper foundation is required in which there must be testimony that the photograph is a fair and accurate representation of that which it represents. See *Heldman v. Uniroyal, Inc., supra,* 53 Ohio App.2d [21 at 25, 7 O.O.3d 20 at 22, 371 N.E.2d 557] at 562, citing *State v. Hill* (1967), 12 Ohio St.2d 88, 90, 41 O.O.2d 369, 371, 232 N.E.2d 394, 396; *Cincinnati, Hamilton & Dayton Ry. Co. v. De Onzo* (1912), 87 Ohio St. 109, 100 N.E. 320; *Ohio Power Co. v. Diller* (1969), 18 Ohio App.2d 167, 47 O.O.2d 292, 247 N.E.2d 774; *DeTunno v. Shull* ([App.] 1956), 75 Ohio Law Abs. 602."

Defendant argues that the photographs were not properly identified and that the pictures of the fence were irrelevant as they were not taken at the time of the incident. These arguments have no merit.

■ A review of the record indicates that the trial court refused to enter the pictures into evidence or to allow the witness to see the pictures until they were properly identified. The victim, who took the pictures, identified what the pictures depicted and when they were taken. The victim stated that three of the pictures were taken on the day of the incident and the fourth picture of the fence as seen through the tenant's window was taken sometime in 1994. A proper foundation for the photos was also properly laid as the testimony of all the state's witnesses was that the defendant attempted to attack the victim with a screwdriver and that there was an ongoing dispute regarding the placement of the fence. The court then permitted the photographs to be admitted into evidence. Since the photographs were properly identified and a foundation laid, the court did not err in admitting them into evidence.

■ Defendant also claims that the two photographs of the fence were irrelevant to the issue of whether defendant committed aggravated menacing and that since "some of the pictures were taken at an unknown time in 1994" they were irrelevant and prejudicial. Only one of the pictures was taken in 1994, the one of the view of the fence from the tenant's window. Regarding the relevancy of the evidence:

"The trial court has broad discretion in the admission and exclusion of evidence under Evid.R. 403, exclusion of relevant evidence on grounds of prejudice, confusion or waste of time. A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby. The trial court must determine whether the probative value of certain evidence and/or testimony is substantially outweighed by the danger of unfair prejudice, or of confusing or misleading the jury." *Shimola v. Cleveland* (1992), 89 Ohio App.3d 505, 511, 625 N.E.2d 626, 629–630.

■ As pointed out in the beginning of the opinion, this was a bench trial. Since both parties had presented testimony to the court regarding the ongoing fence dispute which culminated in defendant's threatening the victim with the screwdriver, the pictures of the fence were not irrelevant. The fueling of tempers between the parties would support the victim's belief that he was in danger of serious harm when the defendant jabbed and slashed at him with the screwdriver.

■ Even if they were irrelevant, we cannot say that the admission of these photos was prejudicial as the evidence outside these photographs was sufficient to find that defendant had committed aggravated menacing. *State v. Goshay* (Nov.

18, 1993), Cuyahoga App. No. 63902, unreported, 1993 WL 483797; *State v. Miller* (Jan. 16, 1992), Cuyahoga App. No. 59696, unreported, 1992 WL 6038.

Assignment of Error III is overruled.

"IV.  The trial court abused its discretion in allowing into evidence inadmissible prejudicial evidence offered in the form of nonresponsive answers of witness Kimberly Sharon Paratto and abused its discretion in allowing into evidence inadmissible prejudicial hearsay opinion testimony of Ms. Kimberly Sharon Paratto about the fence."

■  Evid.R. 401 allows a trial judge discretion in determining the admissibility of evidence.  *State v. Heinish* (1990), 50 Ohio St.3d 231, 553 N.E.2d 1026; *Shimola, supra.*  Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401.

■  The testimony by the eyewitnesses about the defendant's location of the fence in front of the neighbor's window was relevant background information and made evidence of the attack more probable.  As the Supreme Court in *State v. Moore* (1988), 40 Ohio St.3d 63, 64, 531 N.E.2d 691, 693–694, held:

"[R]elevant evidence is not limited to merely direct evidence proving a claim or defense.  Rather, circumstantial evidence bearing upon the probative value of other evidence in the case can also be of consequence to the action."

The fact that defendant was upset because the victim was photographing the position of the fence as evidence for the housing inspectors gave credence to the allegation that this had been an ongoing problem between the two neighbors. The testimony that the defendant was jabbing and/or slashing towards the victim's face with a screwdriver and the victim was backing away from the defendant's reach made it more probable that the defendant deliberately caused the victim to believe that he would cause the victim serious physical harm.  The credibility of these witnesses were issues for the trier of fact in this bench trial. We find no error in the admission of the testimony.

Assignment of Error IV is overruled.

The judgment is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and KARPINSKI, J., concur.