JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Clemence ("defendant") appeals from the judgment of the trial court which found the defendant guilty of domestic violence. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On February 2, 2002, the defendant was indicted on one count of domestic violence in violation of R.C. 2919.25, a felony of the fifth degree as a result of a furthermore clause which specified a conviction for the same offense in 1998. The defendant pleaded not guilty to the offense and the matter proceeded to a jury trial on August 13, 2002.
 {¶ 3} The defendant and Sharon Ginley ("the victim") had been involved in a relationship for nine years, having lived together since 1993. She testified that on February 2, 2002, when the defendant came home, the two engaged in a verbal fighting match, after which the defendant left the house. The victim called the police and informed them that the defendant was on his way to the bank to take money from her bank account. The police responded to the call, but were unable to locate the defendant. In the meantime, the police received an updated dispatch that the defendant had returned home and there was a "priority one domestic" situation. The police responded immediately. Upon their arrival, the police witnessed the victim run out of the house, upset and visibly shaken with a noticeable red mark on her face. The victim testified that prior to the arrival of the police, the defendant had verbally abused her, thrown her across the room and pinned her head on the ground smashing it into the step.
 {¶ 4} The defendant disputed the victim's characterization of the argument between them on February 2, 2002. He testified that he did not physically assault her on that evening, nor had he ever hit her in the past. In fact, he stated that he would never hit the victim because she was a woman and she was so little.
 {¶ 5} The jury found the defendant guilty of domestic violence with a prior conviction for the same offense. It is from this ruling that the defendant now appeals, asserting two assignments of error for our review.
 {¶ 6} "I. The trial court erred in permitting the prosecution to question the defendant-appellant about eight (8) prior arrests for the purpose of proving that he acted in conformity therewith in the instant case when the prosecution admitted that she did not have a reasonable and good faith belief that each prior arrest involved "hitting" without having a hearing to determine whether or not the evidence's probative value was outweighed by it's (sic.) prejudicial effect."
 {¶ 7} "II. The trial court erred in permitting the introduction of photographs of the prosecution witness from a prior conviction that was admitted when they were not properly authenticated and were admitted to prove that the defendant-appellant acted in conformity therewith in the instant case."
 {¶ 8} Having a common basis in both law and fact, we address together the defendant's two assignments of error, which challenge the propriety of the trial court's decision to admit evidence regarding other bad acts of the defendant. Specifically, the defendant contends that the trial court erred in allowing the prosecutor to continue to question the defendant regarding prior domestic violence offenses after the prosecutor improperly alluded that the defendant had been arrested eight times for beating the victim, without a good faith basis to believe such to be true. Further, the defendant challenges the admission of photographs depicting injuries that the victim sustained at the hands of the defendant in a previous domestic violence charge.
 {¶ 9} It is axiomatic that "the admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus, see alsoState v. Bey (1999), 85 Ohio St.3d 487, 490. Where an error in the admission of evidence is alleged, appellate courts do not interfere unless it is shown that the trial court clearly abused its discretion.State v. Maurer (1984), 15 Ohio St.3d 239. "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The Supreme Court of Ohio has explained this standard as follows:
 {¶ 10} "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 11} Evid.R. 404(B) provides that evidence of other acts is not admissible to prove the character of a person in order to show that the accused acted in conformity therewith. Evidence of other bad acts is generally prejudicial and generally is prohibited by Evid.R. 404(B). See, e.g., State v. Curry (1975), 43 Ohio St.2d 66, 68-69. Prejudicial error will not be found, however, when the defense "opens the door" to this evidence. State v. Moore, Cuyahoga App. No. 80416, 2003-Ohio-1154, citing State v. Greer (1988), 39 Ohio St.3d 236, 243; State v. Hartford
(1984), 21 Ohio App.3d 29, 31.
 {¶ 12} In this case, we find that the defendant opened the door to questions on cross-examination regarding past incidents of domestic violence by the defendant against the victim. On direct examination, the defendant admitted to pleading guilty to a prior act of domestic violence, but stated that he only did so because of advice from his attorney. He further testified that he was not guilty of the prior offense and stated that he, in effect, regretted taking his attorney's advice and pleading guilty to the offense. Further, the defendant testified on direct examination regarding typical arguments with the victim. Specifically, he stated:
 {¶ 13} "A. * * * Like I said, I know my actions, I always keep my hands back and would never even lay a hand on her."
 {¶ 14} "Q. Why not?
 {¶ 15} "A. Because she's too little.
 {¶ 16} "Q. Why is that?
 {¶ 17} "A. She is a woman.
 {¶ 18} "Q. How about your experience in the courtroom before, was that a reason why you didn't.
 {¶ 19} "A. Yeah. I yelled at her the last time. I didn't push her or anything the last time either.
 {¶ 20} "Q. Did you bruise her face?
 {¶ 21} "A. No, I did not.
 {¶ 22} "Q. Did you bruise her arms or legs?
 {¶ 23} "A. No." (T. 182).
 {¶ 24} On cross-examination, the prosecutor began questioning the defendant about previous incidents of domestic violence against the victim. Specifically, the prosecutor asked the defendant if he had ever been convicted for assaulting the victim. The defendant replied "Just for yelling at her." (T. 190) The prosecutor continued to ask the defendant questions regarding prior arrests for beating the victim:
 {¶ 25} "Q. How many times have the police responded to your house because you have beaten Sharon Ginley? How many times have you been arrested?
 {¶ 26} "A. None
 {¶ 27} "Q. None?
 {¶ 28} "A. Just for yelling at her.
 {¶ 29} "Q. The question, sir, is how many times have you —
 {¶ 30} "A. I didn't beat her.
 {¶ 31} "Q. You haven't beat her? (sic.)
 {¶ 32} "A. No
 {¶ 33} "Q. But you got arrested anyway?
 {¶ 34} "A. Right.
 {¶ 35} "Q. How many times?
 {¶ 36} "A. Twice, I believe
 {¶ 37} "Q. Twice. Sir, If I were to tell you that the official records show that you've been arrested eight times —" (T. 191)
 {¶ 38} At that point, the defense moved for a mistrial and a discussion took place on the record. The trial court and the prosecutor engaged in a conversation in which the court admonished the prosecutor for implying that the defendant was arrested eight times for physical abuse of the victim, rather than just verbal abuse. Defense counsel objected to the prosecutor's implication, arguing that some of the defendant's arrests did not involve any physical contact. The prosecutor admitted that, prior to understanding and acknowledging the distinction between the two acts of domestic violence, she had no good faith basis to believe that the defendant was arrested eight times for hitting the victim. The prosecutor thereafter agreed to question the defendant regarding only incidents in which he had allegedly hit the victim. Defense counsel continued to object, urging that it was impossible to cure the prejudice to the defendant. The trial court responded, "There's no way to cure his opening this door either. I do not believe it's gone too far. I am going to make you correct it, and you will, of course, be able to do redirect as well." (T. 194).
 {¶ 39} We find that the trial court did not abuse its discretion in allowing testimony regarding other bad acts of the defendant with regard to the victim. The court, after hearing arguments from counsel, determined that the defendant had opened the door to the testimony. In so doing, we find that the trial court did not act unreasonably, arbitrarily or unconscionably in allowing this testimony.
 {¶ 40} With regard to the admission of the photographs, the defendant contends that they were improperly admitted as other acts evidence to prove that the defendant acted in conformity therewith. Further, the defendant maintains that the photographs were inadmissible because they were not properly authenticated. We disagree with the defendant.
 {¶ 41} We note initially that the admission of photographic evidence is left to the discretion of the trial court. State v. Awkal
(1996), 76 Ohio St.3d 324, 333. In this case, the trial court found that the defendant opened the door to photographs regarding prior domestic violence by testifying that he never hit the victim. The trial court stated, "* * * In any event, I think there's been enough spread on the record that he denied ever hitting [the victim], and that if they have photographs that show that he did hit her, and testimony, then they're allowed to put that on to rebut."
 {¶ 42} "A photograph is not objectionable if it is properly identified, is relevant and competent, and is an accurate representation of the scene which it portrays. A proper foundation is required in which there must be testimony that the photograph is a fair and accurate representation of that which it represents." Kubiszak v. Rini'sSupermarket (1991), 77 Ohio App.3d 679, See Heldman v. Uniroyal, Inc.
(1977), 53 Ohio App.2d 21, 25, 371 N.E.2d 557, citing State v. Hill
(1967), 12 Ohio St.2d 88, 90, 232 N.E.2d 394; Cincinnati, Hamilton Dayton Ry. Co. v. DeOnzo (1912), 87 Ohio St. 109, 100 N.E. 320; OhioPower Co. v. Diller (1969), 18 Ohio App.2d 167, 247 N.E.2d 774; DeTunnov. Shull (1956), 75 Ohio L.Abs. 602. In this case, the victim testified that the photographs were taken by the police after an altercation with the defendant and that the pictures were fair and accurate depictions of her appearance after the altercation. We find that the photographs were properly authenticated.
 {¶ 43} Lastly, in instructing the jury, the trial court provided limited instructions regarding the other acts evidence presented at trial. Specifically, the court made the jury aware that the evidence presented could not be used to infer that the defendant acted in conformity with his other bad acts, rather that the evidence was to be used to judge the defendant's credibility that he would never hit the victim.
 {¶ 44} Therefore, because the defendant opened the door, we do not find that the line of questioning pertaining to prior domestic violence offenses against the victim and admission of photographs depicting injuries the victim previously sustained constitutes reversible error. We therefore overrule the defendant's two assignments of error.
Judgment affirmed.
COLLEEN CONWAY COONEY, J., concurs. (See attached separate concurring opinion)
SEAN C. GALLAGHER, J., concurs with majority opinion and concurs with separate concurring opinion.