[Cite as *State v. Harris*, 2021-Ohio-4074.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210109 |
| | | TRIAL NO. 16CRB-27892A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SAMUEL HARRIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 17, 2021

*Andrew Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Konitzer*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jeffrey J. Cutcher*, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Samuel Harris appeals the Hamilton County Municipal Court's judgment denying his 2020 motion under Crim.R. 32.1 to withdraw his guilty plea to sexual imposition. We affirm the trial court's judgment.

**{¶2}** In October 2016, Harris was charged in a complaint with third-degree-misdemeanor sexual imposition for "knowingly lean[ing] down and brush[ing] his face against the * * * breast" of a girl under the age of 16. The charge was based upon the following admission by Harris in an affidavit made that day:

> I started to walk with her and [began] to talk with her as I walked her
> to her musical. I spoke friendly and told her I think you [have] nice tits
> and I wanted to suck [them] and politely gave her a hug and my head
> touched her breast.

**{¶3}** Initially, the trial court found Harris incompetent to stand trial and ordered treatment. Two months later, it found him competent. In January 2017, Harris entered a guilty plea to the charge. The trial court accepted the plea, found him guilty, imposed a 60-day jail term with 60 days credited, and classified him as a Tier I sex offender. A week later, he filed a pro se motion to vacate his guilty plea and sentence, arguing that he had not known the victim's age and that their "hug" had been consensual. Following a hearing, the trial court denied the motion. In the direct appeal, we affirmed Harris's conviction and the denial of his motion to vacate his plea. *State v. Harris*, 1st Dist. Hamilton No. C-170053 (Feb. 16, 2018).

**{¶4}** In 2020, Harris, through counsel, moved under Crim.R. 32.1 to withdraw his guilty plea on the ground that he had been denied the effective assistance of trial counsel in investigating his case and in advising him to plead

guilty. In this appeal, Harris advances two assignments of error that may fairly be read together to challenge the denial of his 2020 motion. The challenge is not well taken.

{¶5} We reject at the outset the state's arguments that the motion was subject to dismissal for lack of jurisdiction under *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), and that the motion's challenge to trial counsel's effectiveness was barred under the doctrine of res judicata. Under the rule in *Special Prosecutors*, a trial court has no jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea after the conviction based upon that plea has been affirmed in the direct appeal, when the issue presented in the motion does not depend for its resolution upon evidence outside the record of the proceedings leading to that conviction and thus could have been raised on direct appeal. *Id.* at 97-98 (holding that Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do"). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding[,] except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial [that] resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶6} In his Crim.R. 32.1 motion, Harris challenged his trial counsel's effectiveness concerning his guilty plea. That challenge depended for its resolution

upon evidence outside the record of the proceedings leading to his conviction upon that plea. Accordingly, this court's decision in the direct appeal, affirming Harris's conviction upon his guilty plea and the denial of his 2017 motion to withdraw that plea, did not deprive the trial court of jurisdiction to entertain his 2020 Crim.R. 32.1 motion. *See State v. West*, 1st Dist. Hamilton No. C-150587, 2017-Ohio-5596, ¶ 20-21. And the challenge in that motion to his trial counsel's effectiveness concerning his plea was not barred under the doctrine of res judicata.

{¶7} But the motion was properly denied without an evidentiary hearing. A trial court may grant a postsentence motion to withdraw a guilty or no-contest plea "to correct manifest injustice." Crim.R. 32.1. The decision whether to grant a Crim.R. 32.1 motion, along with the decision whether to hold a hearing on the motion, is discretionary with the trial court and may be reversed on appeal only if the trial court abused its discretion. *See State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraphs one and two of the syllabus; *State v. Brown*, 1st Dist. Hamilton No. C-010755, 2002-Ohio-5813, ¶ 13 and 20. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *See State v. Hill*, 12 Ohio St.2d 88, 232 N.E.2d 394 (1967), paragraph two of the syllabus. A court's decision is unreasonable if it is not supported by a sound reasoning process. *See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶8} A knowing, voluntary, and intelligent guilty plea to an offense constitutes a complete admission of the facts underlying the offense and effectively removes from the case any issue concerning the defendant's factual guilt of the offense. *See* Crim.R. 11(B)(1); *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745

(1979), paragraph one of the syllabus. A challenge to a conviction upon a guilty plea must thus be directed against the knowing, voluntary, or intelligent nature of that plea. *See State v. Mynatt*, 1st Dist. Hamilton Nos. C-100298 and C-100319, 2011-Ohio-1358, ¶ 7-10, citing *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). The proponent of a claim that a guilty plea was the unknowing, involuntary, or unintelligent product of trial counsel's ineffectiveness bears the burden of demonstrating that counsel's performance was deficient in the sense that it was not reasonable under the circumstances, *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that there was a reasonable probability that, but for that deficiency, he would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶9} In his 2020 Crim.R. 32.1 motion, Harris sought to withdraw his guilty plea to sexual imposition on the ground that the plea had been the unknowing and unintelligent product of his trial counsel's ineffectiveness. He argued that his counsel had advised him to plead guilty without first "explor[ing] any of the factual issues or * * * his mental state" when he made his October 2016 affidavit. He asserted that counsel had not investigated his case and that a reasonable investigation would have disclosed evidence demonstrating that his conduct did not constitute the offense of sexual imposition. And he asserted that counsel had not ensured that he understood the consequences of his guilty plea, including his 15-year sex-offender registration obligation.

{¶10} As we determined, the challenges to trial counsel's effectiveness advanced in Harris's Crim.R. 32.1 motion depended for their resolution upon

evidence outside the record of the proceedings leading to his conviction upon his guilty plea. But he offered no outside evidence to support those challenges.

{¶11} Harris bore the burden of demonstrating that withdrawing his plea was necessary "to correct manifest injustice." Crim.R. 32.1; *Smith* at paragraph one of the syllabus. Thus, implicit in the trial court's decision denying the motion was its determination that Harris had failed to sustain that burden. That determination cannot be said to have been arbitrary, unconscionable, or the product of an unsound reasoning process, when Harris failed to support the motion with the outside evidence on which it depended.

{¶12} We, therefore, hold that the common pleas court did not abuse its discretion in denying Harris's Crim.R. 32.1 motion without an evidentiary hearing. Accordingly, we overrule the assignments of error and affirm the judgment of the court below.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

 Please note:

The court has recorded its own entry on the date of the release of this opinion.